(46 Misc. Rep. 292.)

## FULLERTON et al. v. YOUNG.

### (Supreme Court, Special Term, Fulton County. February, 1905.)

1. JUDGMENT—DEFAULT—WRIT OF INQUIRY.

Where, in an action for injury to property, defendant makes default, the damages under Code Civ. Proc. § 1215, must be ascertained by writ of inquiry.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 515.]

2. SAME—INJURY TO PROPERTY.

A conversion to defendant's own use of money collected by him as agent is an injury to property, within Code Civ. Proc. § 1215, requiring damages on default in such a case to be ascertained by writ of inquiry.

Action by William A. Fullerton and William H. Shepard against William H. Young. Application by plaintiffs for judgment on the referee's report after report. Reference set aside, and plaintiffs granted leave to apply for writ of inquiry.

Frederick G. Paddock, for plaintiffs.

SPENCER, J. This action is brought by the plaintiffs as assignees of the Ætna Life Insurance Company. The complaint alleges that the defendant, as agent of the insurance company, collected money which belonged to the insurance company, and has converted the same to his own use. The defendant made default, and plaintiffs obtained an order of reference to take proof and report findings to the court. They now make application for judgment upon the report.

The referee finds, as fact, "That the defendant, William H. Young, converted to his own use, of the moneys collected by him as agent of the Ætna Life Insurance Company, the sum of $272.62," and law, "That the plaintiffs are entitled to judgment against the defendant for the sum of $272.62, being for moneys collected by the said defendant as agent of the Ætna Life Insurance Company, and converted to his own use." The proposed findings and conclusions follow the language of the report, but add as follows: "That this is an action in which the plaintiffs are entitled to satisfy said judgment by execution against the body of the defendant, and that a body execution issue against the said defendant." The form of judgment submitted contains the following: "That an execution against the person of the defendant may issue after the return unsatisfied, in whole or in part, of a money execution."

No doubt the plaintiffs may waive the tort and recover as for breach of contract, and, were the nature of this action to be determined from the complaint alone, it might be held that, properly construed, it states only a cause of action on contract; but from the referee's report and proposed findings and judgment, it is clear that the plaintiffs intend that their action shall be in tort for conversion.

It was unquestionably the ancient practice for this court to assess damages in tort actions when the same could be ascertained by mere calculation or was fixed by agreement, and only in instances where the damages were uncertain, such as slander, libel, and assault and

battery, were writs of inquiry required. Such also was the practice for many years under the Code of Procedure (section 246), but upon the adoption of the Code of Civil Procedure in 1876 important changes were made, and, among others, a provision that in all cases of personal injury or injury to property the damages must be ascertained by a writ of inquiry. Code Civ. Proc. § 1215.

The term "injury to property," as so employed, might very well be regarded as having reference only to physical acts inflicting injury upon specific real or personal property, were it not for the definition contained in section 3343, subd. 10, where the words "injury to property" are defined as "an actionable act whereby the estate of another is lessened, other than a personal injury or the breach of a contract." The word "property," as defined by sections 2, 3, and 4 of the statutory construction law (Laws 1892, p. 1486, c. 677), embraces money. I therefore see no escape from the conclusion that the conversion of money collected by the defendant and belonging to the plaintiffs' assignor constituted an injury to property, as such conversion certainly lessened the estate of such assignor. The fact that the breach of a contract is involved does not change the character of the action, as the action is based upon the act of conversion, and not upon the breach. The express terms of the definition compel the conclusion that it was the intention of the Legislature that, in all cases where a right of action depends upon a tortious act in respect to property, the assessment of damages must be by writ of inquiry.

The fact that no reasonable necessity can be found for requiring a writ of inquiry in every such case is not sufficient to justify the court in departing from the express language of the statute. In order that the judgment may be valid, it is necessary that the proceedings be regular, and authorized by the provisions of the Code under which they are taken. In my judgment, the court had no power to order a reference in this action, and any judgment which may be entered thereon will be void.

The order of reference and the proceedings thereunder should therefore be set aside, and plaintiffs may apply for the usual order that a writ of inquiry issue.

Ordered accordingly.